# IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **CARLOS COLON and CANDACE HARRIS, individually and on behalf of all others similarly situated,** | ) ) ) | |
| | ) | **NO. 3:23-cv-00074** |
| **Plaintiffs,** | ) | |
| | ) | **JUDGE CAMPBELL** |
| **v.** | ) | **MAGISTRATE JUDGE HOLMES** |
| | ) | |
| **HCA HEALTHCARE, INC. and CHC PAYROLL AGENT, INC.,** | ) ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM

Pending before the Court are Defendants HCA Healthcare, Inc. ("HCA") and CHC Payroll Agent, Inc.'s ("CHC" and collectively with HCA, the "Defendants") Motions to Dismiss the Amended Complaint or, in the alternative, to Transfer Venue. (Doc. Nos. 64, 66). Plaintiffs Carlos Colon and Candace Harris, individually and on behalf of all others similarly situated ("Plaintiffs"), filed a response in opposition, (Doc. No. 76) and Defendants each filed a reply (Doc. Nos. 78, 79). For the reasons discussed below, Defendants' motions will be **DENIED**.

## I. BACKGROUND

Plaintiffs bring this collective action to recover unpaid overtime wages from Defendants. (Doc. No. 56 ¶ 1). Plaintiffs allege that they worked for HCA at HCA facilities. (*Id.* ¶ 17). Colon worked as a registered nurse and paramedic, and Harris worked as a patient care technician. (*Id.* ¶¶ 2 - 3). CHC is a wholly owned subsidiary of HCA and is the W2 employer for Plaintiffs. (*Id.* ¶¶ 30 – 31, 43). Plaintiffs allege that Defendants share common management, corporate offices, and corporate officers, and are jointly responsible for maintaining personnel records and timekeeping policies. (*Id.* ¶¶ 24-28). Plaintiffs also allege that Defendants employ and pay Plaintiffs and that Plaintiffs were paid hourly. (*Id.* ¶¶ 5, 46). Plaintiffs allege HCA required a 30-

minute deduction from Plaintiffs' recorded hours worked per shift for meal breaks, regardless of whether they actually received an uninterrupted 30-minute meal period. (*Id.* ¶¶ 52, 59). Plaintiffs assert that they were not paid for time worked during meal periods. (*Id.* ¶ 7). Plaintiffs allege that during unpaid meal breaks, they substantially performed their regular patient care job duties and responsibilities. (*Id.* ¶ 66). Plaintiffs also allege that they worked more than 40 hours in at least one workweek during the three years before the original Complaint was filed. (*Id.* ¶ 74).

Plaintiffs bring a claim against Defendants for failure to pay overtime under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"). On July 14, 2023, Defendants filed the pending motions to dismiss, or in the alternative, to transfer venue, under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction and 12(b)(6) for failure to state a claim. (Doc. Nos. 64, 66).

## II.      STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a complaint for failure to state a claim upon which relief can be granted. For purposes of a motion to dismiss, a court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to state a claim for relief that is plausible on its face. *Id.* at 678. A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*  In reviewing a motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff, accepts its allegations as true, and draws all reasonable inferences in favor of the plaintiff. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Thus, dismissal is appropriate only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Guzman v. U.S. Dep't of Children's Servs.*, 679 F.3d 425, 429 (6th Cir. 2012).

### III.    ANALYSIS

**A. Failure to State a Claim**

Defendants seek dismissal under Fed. R. Civ. P. 12(b)(6) for failure to plausibly allege an employer/employee relationship. "The determination of whether an entity is an employer focuses on the economic reality rather than technical concepts of the employment." *Hamm v. Acadia Healthcare Co.*, No. 3:21-CV-00550, 2022 WL 3129033, at *5 (M.D. Tenn. Aug. 4, 2022) (internal citations omitted). "The Sixth Circuit has identified the following non-exhaustive factors courts should consider as relevant to the 'economic reality' of the relationship: whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Id.* Further, "to survive a motion to dismiss, the plaintiff must at least 'allege facts that, if true, would demonstrate [that defendant] exerted the requisite control over plaintiff's employment.'" *Equal Emp. Opportunity, Comm'n v. Skanska USA Bldg., Inc.*, No. 210CV02717JPMTMP, 2011 WL 13103437, at *2 (W.D. Tenn. Sept. 20, 2011).

Defendants argue that they were not Plaintiffs' employers. Specifically, Defendants argue that Plaintiffs failed to identify facts demonstrating that Defendants had control over Plaintiffs' day-to-day employment. Defendants also argue that they do not employ Plaintiffs jointly or as part of an integrated enterprise. In response, Plaintiffs argue that they sufficiently pled facts supporting that Defendants were Plaintiffs' employers. Specifically, Plaintiffs allege that HCA controls, oversees, and directs Plaintiffs, including their work, schedules, and assignments, and promulgates and enforces policies affecting the payment of wages, meal breaks, performance standards, and other employment policies. (Doc. No. 56 ¶¶ 81, 85-86). Plaintiffs also assert that HCA has the authority to hire, fire, and discipline Plaintiffs and that HCA implements common timekeeping,

payroll, overtime, meal breaks, and codes of conduct that apply to all HCA facilities. (*Id.* ¶¶ 84, 97).

Defendants filed several declarations to support their arguments. The Sixth Circuit has recognized that "in ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court generally may not consider any facts outside the complaint and exhibits attached thereto." *Passa v. City of Columbus*, 123 F. App'x 694, 697 (6th Cir. 2005) (internal citation omitted). A court may only consider exhibits attached to a defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(6) when "they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (internal citation omitted). Further, Fed. R. Civ. P. 12(d) states that if "on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." *Luis v. Zang*, 833 F.3d 619, 632 (6th Cir. 2016). Here, the Court will analyze Defendants' motions under Rule 12(b)(6) and will not convert them to motions for summary judgment. The declarations upon which Defendants rely were not referenced in the First Amended Complaint, and, as a result, the Court cannot and will not consider them.

Based only on the allegations set forth in the First Amended Complaint, the Court concludes that Plaintiffs have sufficiently alleged facts that, accepted as true, support Defendants' status as employers. While discovery and subsequent motion practice may provide the Court with additional arguments on that issue, at this juncture, Plaintiffs have satisfied their pleading burden.

## B. Personal Jurisdiction Over Non-Parties

Defendants also argue that the Court lacks personal jurisdiction over the non-parties that Defendants contend are Plaintiffs' employers. A determination of whether a court can exercise personal jurisdiction over a party depends largely on that party's contacts with the forum.

4

Here, Defendants do not argue that the Court lacks personal jurisdiction over them, so Defendants effectively seek an advisory opinion as to whether the Court lacks personal jurisdiction over non-parties. The Court cannot and will not provide an advisory opinion. *Briggs v. Ohio Elections Comm'n*, 61 F.3d 487 (6th Cir. 1995) (internal citation omitted) (holding that a court is obligated under Article III to limit its jurisdiction to ripe cases and avoid issuing "advisory opinions based upon hypothetical situations.").

HCA's reliance on Judge Haynes' opinion in *Gonzalez v. HCA*, 2011 WL 3793651 (M.D. Tenn. August 25, 2011) is misplaced as to the question of personal jurisdiction. In *Gonzalez*, out-of-state defendants were named defendants and successfully challenged this Court's jurisdiction over them. Here, only HCA and CHC have been named as Defendants. Until out-of-state defendants are named defendants and challenge this Court's jurisdiction over them – as was the case in *Gonzalez* – that issue is not ripe for adjudication.[1]

## IV. CONCLUSION

For the reasons stated above, Defendants' Motions to Dismiss the Amended Complaint or, in the alternative, to Transfer Venue (Doc. Nos. 64, 66) will be **DENIED**.

An appropriate Order will enter.

WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE

---

[1] For the same reasons, the Court will not consider a hypothetical *forum non conveniens* argument.